UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CHERYL ANN FORSTER,**

    **Plaintiff,**

                                      Civil Action 2:11-cv-01005
    v.                              Judge James L. Graham
                                      Magistrate Judge E.A. Preston Deavers

**JOHN C. ALCANTARA,** *et al.*,

    **Defendants.**

## REPORT AND RECOMMENDATION

This matter is before the Court for consideration of Plaintiff's Motion to Remand. (ECF No. 7.) Plaintiff contends that Defendant 5J Oil Field Services, LLC's Notice of Removal is procedurally deficient due to its failure to obtain the consent of Defendant John C. Alcantara. For the reasons that follow it is **RECOMMENDED** that the Court **DENY** Plaintiff's Motion to Remand. (ECF No. 7.)

### I. BACKGROUND

Plaintiff filed this action on October 7, 2011 in the Jefferson County (Ohio) Court of Common Pleas. Within her Complaint, Plaintiff seeks damages against Defendant John C. Alcantara ("Alcantara") and Defendant 5J Oil Field Services, LLC ("5J Oil") arising out of a June 2011 traffic collision. The state-court record reflects that Plaintiff served Alcantara with a summons and the Complaint via certified mail on October 11, 2011. On October 13, 2011, Plaintiff served 5J Oil with a summons and the Complaint through certified mail.

On November 8, 2011, Alcantara filed an Answer in state court. Also on November 8, 2011, 5J Oil removed Plaintiff's action to this Court claiming diversity jurisdiction. Within its

Notice of Removal, 5J Oil did not indicate whether Alcantara consented to removal.

On November 10, 2011, Plaintiff filed her Motion to Remand. Plaintiff maintains that because 5J Oil failed to obtain the consent of Alcantara to its removal, it failed to satisfy the rule of unanimity. Furthermore, Plaintiff asserts that any consent subsequent to the Motion to Remand is untimely. Consequently, Plaintiff contends that remand is necessary.

5J Oil filed an Amended Notice of Removal on November 11, 2011. Within this Notice of Removal, 5J Oil asserts that Alcantara consents to removal. To support this assertion, 5J Oil attaches correspondence dated November 11, 2011, signed by Alcantara's counsel, stating that Alcantara consents to removal. Additionally, both Defendants oppose remand. In its Memorandum in Opposition, 5J Oil stresses that it filed its November 11, 2011 Amended Notice of Removal, which outlines consent, within its 30-day period for removal. Alcantara further contends that he verbally consented to removal on November 7, 2011 and that he only filed a pleading in state court to protect his answer date.

## II. STANDARD

Federal courts have limited subject-matter jurisdiction. "[T]he intent of Congress drastically to restrict federal jurisdiction in controversies of diverse citizens has always been rigorously enforced by the courts." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938). The removing party bears the burden of demonstrating federal jurisdiction and all doubts should be resolved against removal. *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549-50 (6th Cir. 2006).

Pursuant to 28 U.S.C. § 1446, "[a] defendant or defendants desiring to remove any civil action . . . shall file . . . a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal. . . ." 28

2

U.S.C. § 1446(a).  The removing party must file a notice "within 30 days after the receipt by the defendant . . . of the initial pleading . . . ."  28 U.S.C. § 1446(b); *see also Music v. Arrowood Indem. Co.*, 632 F.3d 284, 287 (6th Cir. 2011) (indicating "that the thirty-day time requirement of § 1446(b) is procedural" and not jurisdictional).  Finally, in interpreting 28 U.S.C. § 1446, the United States Court of Appeals for the Sixth Circuit has followed the rule of unanimity, which requires all defendants in the action to either join in or consent to the removal.  *Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 516 (6th Cir. 2003) (citing *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 533 n. 3 (6th Cir. 1999)).  Accordingly, "[f]ailure to obtain unanimous consent forecloses the opportunity for removal under Section 1446."  *Loftis*, 342 F.3d at 516.

### III.  ANALYSIS

Plaintiff maintains that remand is necessary in this case because 5J Oil failed to satisfy the rule of unanimity.  The parties do not dispute that 5J Oil's November 8, 2011 Notice of Removal fails to indicate, in any fashion, whether Alcantara consents to removal.  Nevertheless, on November 11, 2011, 5J Oil filed an Amended Notice of Removal, which states that Alcantara consents to removal, and contains a November 11, 2011 letter signed by Alcantara's attorney confirming consent.  The question before this Court, therefore, is whether the amended filing and indication of consent are sufficient to overcome any deficiency in the original Notice of Removal.

As the parties acknowledge, various Sixth Circuit cases have allowed parties to correct defects in removal petitions.  *See, e.g.*, *Gafford v. General Elec. Co.*, 997 F.2d 150, 164 (6th Cir. 1993) (holding the subsequent information the removing defendant provided and entered into the case record cured any technical deficiency in a petition for removal) *abrogated on other grounds*

3

by *Hertz Corp. v. Friend*, 130 S.Ct. 1181 (2010); *Tech Hills II Assocs. v. Phoenix Home Life Mut. Ins. Co.*, 5 F.3d 963, 968–69 (6th Cir. 1993) (following *Gafford* to "allow[] a defendant to cure defective allegations of diversity jurisdiction in its removal petition where such jurisdiction did in fact exist[,]" even though the time period for removal had run); *Klein v. Manor Healthcare Corp.*, 19 F.3d 1433 (table), 1994 WL 91786, at *3–4 (6th Cir. 1994) (holding that removing defendants could amend their initial removal petition to explain the failure of another defendant to join the petition).

In *Gafford*, the Sixth Circuit emphasized the reasoning behind allowing removing parties the opportunity to correct defects:

> Better, if the jurisdiction in fact exists, to permit the petition for removal to be amended to reflect it. It appears that the time has come to reexamine this entire matter and expressly adopt the approach . . . that amendments to the jurisdictional allegations of removal petitions should be permitted in the same manner as amendments to any other pleading.
> . . .
> It must be made clear that this opinion is not to be construed as departing in any way from the precept that the facts giving rise to federal jurisdiction must be strictly construed and alleged with particularity. The decision holds only that the time has come to apply the principles of modern pleading relating to amendments to removal petitions, and that amendments should be permitted, to implement the spirit of the statute and rules cited herein, where the jurisdictional facts do indeed exist, and the parties are in law entitled to invoke the jurisdiction of the federal court.

*Gafford*, 997 F.2d at 164 (quoting *Stanley Elec. Contractors, Inc. v. Darin & Armstrong Co.*, 486 F. Supp. 769, 772–73 (D.C. Ky. 1980)).  This Court has similarly held that "[i]t is better 'if the jurisdiction in fact exists, to permit the petition for removal to be amended to reflect it' than to remand the case to the state court.'" *Alston v. Sofa Exp., Inc.*, No. 2:06-cv-491, 2006 WL 3331685, at *3 (S.D. Ohio Nov. 15, 2006) (quoting *Schliewe v. Toro*, 138 Fed. Appx. 715, 720 (6th Cir. June 23, 2005)).

Plaintiff emphasizes, however, that the Court should not permit amendment in this case

4

because Alcantara's consent was untimely under 28 U.S.C. § 1446(b).  In *Brierly*, the Sixth Circuit addressed the 30-day time limitation set out in 28 U.S.C. § 1446(b).  184 F.3d at 532–33.  The Court held that "in cases with multiple defendants served at different times" statutory construction and interests of fairness require that the "later-served defendant ha[ve] 30 days from the date of service to remove a case to federal district court, with the consent of the remaining defendants."  *Id.*  In so holding, the Sixth Circuit recognized that an earlier-served defendant who failed to remove within his or her 30-day period could still consent to the removal of a later-served defendant within the later-served defendant's removal period.  *Id.* at 533 n.3; *see also Onders v. Kentucky State Univ.*, No. 3:11–45, 2011 WL 6009643, at *3 (E.D. Ky. Dec. 1, 2011) ("In other words, an initial defendant's failure to remove an action within the proper time does not bar that defendant from consenting to a notice of removal brought by a later-served defendant.").

In this case, even assuming Alcantara failed to effectively consent until November 11, 2011,[1] such consent was still within the applicable 30-day period under 28 U.S.C. § 1446(b).  5J Oil was the later-served Defendant in this case, as Plaintiff served 5J Oil on October 13, 2011.  Consequently, it was this service date, and not Alcantara's service date of October 11, 2011, that tolled 5J Oil's 30-day period for removal and obtaining consent.  Because Alcantara's November 11, 2011 consent was within 30 days of October 13, 2011, it was timely.

Plaintiff relies heavily on *Hicks v. Emery Wordwide, Inc.*, 254 F. Supp. 2d 968 (S.D. Ohio 2003) for the contention that each defendant must consent to removal within 30 days of his

---

[1] As detailed above, Alcantara submits in briefing that his counsel verbally consented to removal, on his behalf, as earlier as November 7, 2011.

or her own service date.² Plaintiff, however, misapplies *Hicks* to the circumstances of this case. In *Hicks*, the removing defendant was served prior to the consenting defendants. *See* 254 F. Supp. 2d at 973–74. Accordingly, applying *Brierly*, the Court gave the consenting defendants 30 days from their own service dates to consent to removal. *Id.* Here, however, the removing Defendant, 5J Oil, was the later-served Defendant. Accordingly, Alcantara had 30 days from 5J Oil's service date to consent to removal.

Finally, in addition to finding consent timely, the Court concludes the notice was sufficient in this case. 5J Oil submitted an Amended Notice of Removal, which its attorney signed pursuant to Federal Rule of Civil Procedure 11, stating that Alcantara consented to removal. *See Harper v. AutoAlliance Intern., Inc.*, 392 F.3d 195, 201–02 (6th Cir. 2004) (suggesting that the representation of the removing defendant, signed under Rule 11, that the remaining defendants concurred in removal was sufficient to satisfy the rule of unanimity). Furthermore, the Amended Notice of Removal attached a November 11, 2011 correspondence, signed by Alcantara's counsel, confirming his consent to the removal. (Ex. C, ECF No. 8-3.) The Court finds the combination of these factors sufficient to satisfy the rule of unanimity.

Ultimately, because Alcantara's consent came within the applicable 30-day period, and recognizing the substantial case law within this Circuit allowing for the correction of removal petition defects, the Court finds it appropriate to give effect to 5J Oil's Amended Notice of Removal and to deny remand in this case. The Court notes that other federal courts within this Circuit have reached similar conclusions in considering the rule of unanimity. *See City of Cleveland v. Deutsche Bank Trust Co.*, 571 F. Supp.2d 807, 813 (N.D. Ohio 2008) ("[N]o case

---

² In *Hicks*, this Court ultimately remanded the case because two defendants failed to consent to removal in a timely manner. 254 F. Supp. 2d at 977–78.

decided by any court within the Sixth Circuit since *Klein* has been remanded based on a removing defendant's failure to state in the removal notice its reasons for failing to obtain unanimous consent to removal, where all codefendants ultimately expressed written consent to removal within thirty days of service."); *Miller v. Occidental Chemical Corp.*, No. Civ.A. 105CV124R, 2005 WL 2406102, at *2 (W.D. Ky. Sept. 28, 2005) (holding that consenting defendant may file notices of consent separately from the notice or removal, as long as the consent is within the applicable 30-day period); *cf. also Harper*, 392 F.3d at 202 (indicating that the defendant need not file a written notice of consent when his answer, which was filed in the 30 days after service, indicated he consented to removal).

## IV. CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that the Court **DENY** Plaintiff's Motion to Remand. (ECF No. 7.)

## V. NOTICE

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate

7

judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date: February 28, 2012                                         /s/ *Elizabeth A. Preston Deavers*
                                                                Elizabeth A. Preston Deavers
                                                                United States Magistrate Judge

8